IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NICHOLAS CURRIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-105 |
| | ) | (Formerly CR 107-077) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Nicholas Currie filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence now before the Court for initial review Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

## I. BACKGROUND

On August 8, 2007, the grand jury in the Southern District of Georgia charged Petitioner and one co-defendant with one count of conspiracy to distribute and possess with intent to distribute five grams or more of methamphetamine, one count of possession with intent to distribute five grams or more of methamphetamine, one count of possession of a firearm in the furtherance of a drug trafficking crime, and one count of possession of a firearm and ammunition by a felon. United States v. Currie, CR 107-077, doc. no. 1 (S.D. Ga. Aug. 8, 2007) (hereinafter "CR 107-077"). The Court appointed attorney Danny

Durham to represent Petitioner, and on September 20, 2007, Petitioner pleaded guilty to one count of possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Id., doc. nos. 16, 35, 38.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at thirty-one, Criminal History Category at VI, and Guidelines imprisonment range at 188 to 235 months. PSI ¶ 63. Because Petitioner had previously been convicted of a crime of violence and a controlled substance offense, he was a career offender within the meaning of U.S.S.G. § 4B1.1. The offense level under that section of the Guidelines is thirty-four, rather than an offense level of twenty-five under U.S.S.G. § 2D1.1 based on the amount of drugs and possession of a firearm specific to Petitioner's offense of conviction. PSI ¶¶ 22, 23. That offense level decreased three points to thirty-one based on Petitioner's acceptance of responsibility. PSI ¶¶ 24, 25. The statutory maximum term of imprisonment for Petitioner's offense was forty years. 21 U.S.C. § 841(b)(1)(B); PSI ¶ 62.

On January 28, 2008, Chief United States District Lisa Godbey Wood sentenced Petitioner to 212 months of imprisonment. CR 107-077, doc. nos. 63, 64. The Court denied a motion for sentence reduction, and the Eleventh Circuit affirmed the denial on appeal. Id., doc. nos. 78, 83.

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime

that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner argues in his § 2255 motion he is entitled to be resentenced without the § 4B1.1 enhancement because this Guideline provision contains the same language as the ACCA residual clause declared void by the Supreme Court in Johnson. (See generally doc. no. 1.)

## II. DISCUSSION

### A. Johnson Does Not Apply to the Guidelines.

Although the ACCA and U.S.S.G. § 4B1 "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194-95 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. at 1194. Because Petitioner's sentence was not based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without the career offender enhancement under § 4B1.1 and crime of violence definition in § 4B1.2.[1] See id.; see also

---

[1]The United States Supreme Court has granted certiorari to consider whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual

United States v. Kirk, 636 F. App'x 548, 550 (11th Cir. 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines.").

Because Petitioner's claim is clearly without merit based on the current record and Eleventh Circuit case law, his motion is ripe for dismissal under Rule 4 of the Rules Governing Section 2255 Proceedings.

   B.   **A Certificate of Appealability Should Not Issue.**

The Court also recommends denial of a certificate of appealability ("COA") and denial of *in forma pauperis* ("IFP") status on appeal. A federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing, so no COA should issue. Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, IFP status on appeal should be denied. See 28 U.S.C. § 1915(a)(3).

---

clause in U.S.S.G. § 4B1.2(a)(2) and whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2) such that a challenge to a sentence imposed under this portion of the Guidelines is cognizable on collateral review. Beckles v. United States, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (U.S. June 27, 2016) (No. 15-8544).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**. The Court further **RECOMMENDS** Petitioner be **DENIED** a COA and permission to appeal IFP.

SO REPORTED and RECOMMENDED this 22nd day of September, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA