# In the United States District Court
# for the Southern District of Georgia
# Augusta Division

```
UNITED STATES OF AMERICA,

     v.                                CR 107-077

NICHOLAS CURRIE,

     Defendant.
```

### ORDER

Before the Court is Defendant Nicholas Currie's motion for compassionate release pursuant to the First Step Act. Dkt. No. 95. For the reasons below, Currie's motion is **DENIED**.

### BACKGROUND

In September 2007, under a written plea agreement, Currie pleaded guilty to possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Dkt. Nos. 35, 38. His presentence investigation report reflects that, based on his criminal history, Currie was a career offender under U.S.S.G. § 4B1.1. Thus, he had a total offense level of 31, a criminal history category VI, and an advisory guideline range of 188 to 235 months' imprisonment. Currie faced a statutory range of punishment of five to forty years' imprisonment.

In January 2008, the Court sentenced Currie to 212 months' imprisonment. Dkt. No. 64.  Consistent with the plea agreement's appellate waiver, Currie did not directly appeal.  In March 2015, the district court *sua sponte* denied a motion to reduce Currie's sentence under 18 U.S.C. § 3582(c).  Dkt. No. 78. Currie appealed, and the Eleventh Circuit affirmed the district court's decision. See United States v. Currie, 633 F. App'x 765 (11th Cir. 2015). In July 2016, Currie filed a motion to vacate under 28 U.S.C. § 2255. Dkt. No. 86.  The district court dismissed his § 2255 motion. Dkt. No. 89.

Currie now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that he needs to take care of his father and that "extraordinary and compelling reasons" warrant his release.

## DISCUSSION

Before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).  While Currie avers that he began the administrative process with the BOP on February 18, 2020, dkt. no. 95 at 2, the Government has shown that Currie did not complete the process.  Attached to the Government's response to Currie's

motion is a declaration from the Case Management Coordinator ("CMC") Mark Joseph at FCI Cumberland in Maryland where Currie is incarcerated. Dkt. No. 96-1. Mr. Joseph declared that, in his role as CMC, he reviews inmate requests for sentence reduction. Id. Joseph declared that he received Currie's "request[] for early release so that he could care for his father." Id. Joseph declares that he then "asked Mr. Currie to submit the supporting documents so that BOP could evaluate his request." Id. Joseph then "subsequently spoke with Mr. Currie and explained that [Joseph] was waiting on these additional documents before BOP could proceed on making a decision regarding his request." Id. Joseph declares that Currie then "claimed that he sent the requested documents to both [Joseph] and the Warden," but when Joseph indicated that neither had received the documents, "Currie explained that his 30-day time was almost up and that he would just proceed with his request before the district court." Id. Joseph declares that he still has not received supporting documents from Currie. Id.

The Court finds that Currie has not *fully* exhausted his administrative remedies because he failed to respond to the BOP's request for additional information to support his claim. See United States v. Howard, No. 4:15-CR-00018-BR, 2019 WL 7041860, at *3 (E.D.N.C. Dec. 20, 2019) (concluding that because "defendant did not provide enough information for the BOP to evaluate and make a decision on his request . . . defendant has not fully

3

exhausted his administrative appeal rights or triggered the 30-day lapse period"). Accordingly, Currie's motion, dkt. no. 95, is **DENIED**.

**SO ORDERED,** this 21st day of April, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA