# In the United States District Court for the Southern District of Georgia Augusta Division

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 8:36 am, May 22, 2020

UNITED STATES OF AMERICA,

v.

NICHOLAS CURRIE,

Defendant.

CR 107-077

## ORDER

Before the Court are Defendant Nicholas Currie's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), dkt. no. 100, as well as his motion to amend that motion, dkt. no. 99.  The Government does not object to Currie's motion to amend, dkt. no. 99, and it is **GRANTED**.  The Government has, however, objected to Currie's motion for relief from judgment, dkt. no. 100.  For the reasons below, that motion is **DENIED**.

### BACKGROUND

The Court recently denied Currie's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), finding that he had not fully exhausted his administrative remedies.  Dkt. No. 97.  Specifically, when Mark Joseph, a Bureau of Prisons ("BOP") case manager at the prison in which Currie is incarcerated, requested additional documentation to verify Currie's reduction-in-sentence

("RIS") request, Currie did not respond.  Id.  Currie has now filed a motion, as amended, for relief from that judgment.

## LEGAL AUTHORITY

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for," among other reasons, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  "To prevail on a 60(b)(3) motion, the movant must 'prove[ ] by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct.'"  Cox Nuclear Pharmacy, Inc. v. CTI, Inc., 478 F.3d 1303, 1314 (11th Cir. 2007) (quoting Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000)).  Additionally, "the moving party must [ ] show that the conduct prevented the losing party from fully and fairly presenting his case or defense."  Id. (quoting Frederick, 205 F.3d at 1287 (quotation marks omitted)).

## DISCUSSION

The crux of Currie's motion is that the Court should not have relied upon Joseph's declaration in its order denying his motion for compassionate release because Joseph's declaration contained fraudulent statements.  Specifically, Currie avers that Joseph fraudulently alleged that neither Joseph nor the Warden received any administrative request from Currie.  Dkt. No. 100 at 3.  Currie

2

attempts to contradict that by stating that he filed his official request for a RIS through the BOP's inmate message system on February 18, 2020, but Joseph never bothered to respond to it. Dkt. No. 99 at 1; Dkt. No. 100 at 3. Currie argues that Joseph's declaration that he never received anything from Currie thus amounts to either fraud or misrepresentation. Dkt. No. 100 at 4.

In its previous order, the Court relied on the following statements contained in Joseph's declaration. Joseph declared that he received Currie's "request[] for early release so that he could care for his father." Dkt. No. 96-1. Joseph declared that he then "asked Mr. Currie to submit the supporting documents so that BOP could evaluate his request." Id. Joseph then "subsequently spoke with Mr. Currie and explained that [Joseph] was waiting on these additional documents before BOP could proceed on making a decision regarding his request." Id. Joseph declared that Currie then "claimed that he sent the requested documents to both [Joseph] and the Warden," but when Joseph indicated that neither had received the documents, "Currie explained that his 30-day time was almost up and that he would just proceed with his request before the district court." Id. Finally, Joseph declared that, as of April 3, 2020, he still had not received supporting documents from Currie. Id.

Currie does not show "clear and convincing evidence" of fraud or misrepresentation required by Rule 60(b)(3) to relieve him of

3

the Court's previous order.  First, Joseph did not in fact declare that he and the Warden received nothing from Currie.  Indeed, Joseph admitted that he received Currie's administrative request for a RIS to care for his father. Dkt. No. 96-1 ¶ 3.  Thus, Currie has not shown anything about Joseph's declaration that was inaccurate, much less fraudulent. Second, Currie neither alleges nor establishes that he *had* supplied Joseph with the additional supporting documents Joseph requested.  Indeed, Currie's motion states that he attempted to deliver documents, presumably the ones Joseph requested, to the Warden on April 28, 2020.  The Court's Order was issued *before* that date, on April 21, 2020.  In short, Currie has given the Court no reason to revise its previous order.

It is another matter, however, if Currie has since attempted to continue with the administrative remedy process by delivering supporting documents to the BOP only to have the documents refused. Nevertheless, that issue is not before the Court, because Currie did not file a new motion for compassionate release under § 3582(c) but a motion for relief from judgment under Rule 60(b)(3).  As such, the Court **DENIES** Currie's 60(b)(3) motion, dkt. no. 100.

**SO ORDERED,** this 22nd day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA