# In the United States District Court
# for the Southern District of Georgia
# Augusta Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR 1:07-077 |
| | ) | |
| NICHOLAS CURRIE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Nicholas Currie's motion for early termination of supervised release, dkt. no. 107, to which the Government objects, dkt. no. 108. For the reasons below, Defendant's motion is **DENIED**.

Pursuant to a written plea agreement, Defendant pleaded guilty to Count II of the indictment, that is, possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1). Dkt. Nos. 38, 64. On January 28, 2008, Defendant was sentenced to 212 months' imprisonment, followed by five years of supervised release. Dkt. No. 64. The Court further ordered special conditions of supervision, as well as a $100 special assessment. Id.

On or about August 29, 2022, Defendant was released from Bureau of Prisons' custody and commenced his term of supervision. Defendant has completed forty-two months of his

sixty-month term of supervision. Defendant now moves the Court for early termination of his supervised release. Dkt. No. 107.

In his motion, Defendant states he has complied with all conditions of supervision. Id. at 2. He also states that he has demonstrated sustained and meaningful rehabilitation and is actively involved in his church community. Id. The Court also notes that Defendant has paid his special assessment in full. However, Defendant's period of supervision has not been without incident. In July 2024, Defendant traveled out of this District to Chattanooga, Tennessee, without permission. He also earns no income, and he has not maintained a stable residence, having moved approximately nine times during his period of supervision. Additionally, Defendant's criminal history is concerning, as he was sentenced as a career offender.

Under 18 U.S.C. § 3583(e)(1), a "court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and in the interests of justice."

The Court commends Defendant for the positive strides he has made while under supervision.  However, the Court must carefully weigh a favorable adjustment to Defendant's supervision against his offense of conviction and his extensive criminal history. After consideration, the Court finds that continued supervision is in Defendant's best interest, and his motion for early termination, dkt. no. 107, is **DENIED.**

   **SO ORDERED** this ___ day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA